**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| JACK HENRY & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:20-cv-01068 |
| | ) | |
| MILESTONE IP LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF**
**PATENT NONINFRINGEMENT AND INVALIDITY**

Plaintiff Jack Henry & Associates, Inc. (Jack Henry) files this complaint for declaratory

judgment against Defendant Milestone IP LLC (Milestone) as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment that United States Patent Nos.

6,236,994 (the '994 Patent) (Ex. A), 6,473,523 (the '523 Patent) (Ex. B.), and 7,114,124 (the

'124 patent) (Ex. C) (collectively, the patents-in-suit) are not infringed by Jack Henry and are

invalid and/or unenforceable.

2.      Milestone contends that it is the assignee of all right, title, and interest in the

patents-in-suit and has standing "to enforce and prosecute actions for infringement and to collect

damages for all relevant times against infringers."

**THE PARTIES**

3.      Jack Henry is a Delaware corporation having a principal place of business in

Missouri.  Jack Henry has customers located within this judicial district.

75475316.2

4.      Milestone is a limited liability company having a place of business in Plano, Texas.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. §§ 1-390.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as Milestone has accused Jack Henry products (Accused Jack Henry Products) of infringing the patents-in-suit in this District, including the use of Accused Jack Henry Products by Jack Henry's customers.

7.      The Accused Jack Henry Products are sold or licensed to Jack Henry's customers in this District.  Jack Henry has agreed to indemnify and defend its customers for claims of patent infringement related to their use of the Accused Jack Henry Products, including claims brought by Milestone in this District as set forth below.

8.      Milestone has submitted to personal jurisdiction in this District by bringing lawsuits alleging infringement of the patents-in-suit in this District, including litigation against at least two of Jack Henry's customers.  Milestone also has a principal place of business in this District.  Further, upon information and belief, Milestone has solicited and/or received licenses to the patents-in-suit and other Milestone patents from companies located within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## STATEMENT OF FACTS

10.      A real and immediate controversy exists between Jack Henry and Milestone concerning Milestone's allegations that the Accused Jack Henry Products infringe the patents-in-suit.

2

11.     Milestone alleges that the Accused Jack Henry Products infringe at least one claim of the patents-in-suit.  Specifically, on September 29, 2020, Milestone filed the patent infringement action styled *Milestone IP, LLC v. Extraco Banks National Association*, No. 6:20-cv-00886 in this District.  In this suit, Milestone accuses Extraco Banks National Association (Extraco) of infringing the patents-in-suit.  Some or all of the products Milestone accuses of infringement with respect to Extraco are Accused Jack Henry Products.

12.     Extraco Banks has physical locations within this District and also has customers within this District who use the Accused Jack Henry Products.

13.     Also on September 29, 2020, Milestone filed the patent infringement action styled *Milestone IP, LLC v. First Financial Bankshares, Inc.*, Case No. 6:20-cv-00887 in this District. In this suit, Milestone accuses First Financial Bankshares, Inc. (First Financial) of infringing the patents-in-suit.  Some or all of the products Milestone accuses of infringement with respect to First Financial are Accused Jack Henry Products.

14.     Jack Henry has agreed to indemnify and defend both Extraco and First Financial against the infringement claims made by Milestone related to the Accused Jack Henry Products.

**COUNT I**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT)**

15.     Jack Henry repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth.

16.     Milestone has alleged and contends that the Accused Jack Henry Products infringe one or more claims of the patents-in-suit.

17.     Jack Henry has not and does not make, use, offer to sell, sell, or import any product which infringes any valid claim of the patents-in-suit either directly or through the doctrine of equivalents.

3

18.     Jack Henry has not and does not induce or contribute to the alleged infringement of the patents-in-suit.

19.     As a result of Milestone's allegations that Accused Jack Henry Products infringe the patents-in-suit, an actual and justiciable controversy exists between Milestone and Jack Henry regarding Jack Henry's and the Accused Jack Henry Products' noninfringement of the patents-in-suit.  Absent a declaration of noninfringement, Milestone will continue to wrongfully assert the patents-in-suit against Jack Henry and/or Jack Henry's customers and licensees, and thereby cause Jack Henry irreparable injury and damages.

20.     Therefore, Jack Henry is entitled to a judgment from this Court declaring that the Accused Jack Henry Products do not infringe any valid claim of the patents-in-suit.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY / UNENFORCEABILITY)

21.     Jack Henry repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth.

22.     The claims of the patents-in-suit are invalid because they fail to satisfy the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112 and/or 120, and/or based on other judicially-created bases for invalidation.

23.     The claims of the patents-in-suit are invalid under 35 U.S.C. § 101 because the claimed inventions utilize conventional components in their normal and expected manner to perform the abstract ideas embodied in the claims of the patents-in-suit.

24.     The claims of the patents-in-suit are invalid as anticipated by the prior art because one or more elements of the claimed inventions was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign

country or in public use or on sale in this country, more than one year prior to the date of application.

25.     The claims of the patents-in-suit are invalid as obvious in view of the prior art because any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the relevant art.  A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art to achieve the claimed inventions and would have had a reasonable expectation of success in doing so.

26.     The patents-in-suit do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to which they pertain, or with which they are most nearly connected, to make and use them.

27.     The patents-in-suit do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to demonstrate to a person of ordinary skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

28.     One or more claims of the patents-in-suit do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

29.     As a result of Milestone's allegations that Accused Jack Henry Products infringe the patents-in-suit, an actual and justiciable controversy exists between Milestone and Jack Henry regarding the validity of the patents-in-suit.  Absent a declaration of invalidity, Milestone will continue to wrongfully assert the patents-in-suit against Jack Henry and/or Jack Henry's customers and licensees, and thereby cause Jack Henry irreparable injury and damages.

30.     Jack Henry had no knowledge of the patents-in-suit until Milestone filed the *Extraco* and *First Financial* matters.

31.     Milestone did not give Jack Henry actual notice as to the patents-in-suit or of the alleged infringement by the Accused Jack Henry Products prior to filing the *Extraco* and *First Financial* matters.

32.     None of the products covered by the patents have been properly marked in accordance with the Patent Act.

33.     As such, Jack Henry and its customers cannot be liable for any damages before the filing date of the *Extraco* and *First Financial* matters.

34.     Each of the patents in suit is expired, and expired before Milestone filed the *Extraco* and *First Financial* matters.

35.     Because the patents are expired and damages cannot be awarded for past infringement, the patents cannot be enforced against Jack Henry or its customers.

36.     Therefore, Jack Henry is entitled to a judgment from this Court declaring that the patents-in-suit are invalid and/or unenforceable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Jack Henry demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Jack Henry prays as follows:

a.      for a declaratory judgment that the Accused Jack Henry Products have not and do not infringe any valid claim of the patents-in-suit;

75475316.2

b.      for a declaratory judgment that the patents-in-suit are invalid and/or

unenforceable;

c.      for a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

d.      for an order and judgment awarding costs and attorneys' fees to Jack Henry; and

e.      for all other relief to which it may be entitled.

Dated:  November 19, 2020.                      Respectfully submitted,


By:  */s/Jason A. Wietjes*
     Jason A. Wietjes
     Texas Bar No. 24042154
     jwietjes@polsinelli.com

     POLSINELLI PC
     2950 N. Harwood St., Ste. 2100
     Dallas, TX 75201
     Telephone:  (214) 661-5519
     Facsimile:  (214) 594-5540

     Jay E. Heidrick
     (application for admission pending)
     Kansas Bar No. 20770
     Missouri Bar No. 54699
     jheidrick@polsinelli.com

     POLSINELLI PC
     900 W. 48th Place
     Kansas City, MO 64112
     Telephone:  (816) 753-1000
     Facsimile:  (816) 753-1356

     *Counsel for Plaintiff Jack Henry &*
     *Associates, Inc.*

75475316.2